**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RUTH JARRETT-COOPER and
EXCLUSIVE EVENTS &
ACCOMODATIONS, L.L.C.,

    Plaintiffs,

                                                     Case No. 14-12640
v.                                                 Hon. Lawrence P. Zatkoff

UNITED AIRLINES, INC.,

    Defendant.
_____/

## **ORDER**

Currently before the Court is Plaintiffs' motion to hold Defendant's motion to dismiss in abeyance and/or to extend time for filing Plaintiffs' response thereto [dkt. 6]. On July 3, 2014, Defendant removed this matter from Wayne County Circuit Court. On July 9, 2014, Defendant filed a motion to dismiss Plaintiffs' Complaint and/or for summary judgment ("motion to dismiss") [dkt. 3]. Plaintiffs argue they anticipate filing a motion for remand in this matter, along with a response to Defendant's motion to dismiss.

Plaintiffs contend that they should be afforded "the full time permitted by statute to file their motion for remand, which will contest this court's jurisdiction, and have that motion fully resolved, before they are required to respond to defendant's dispositive motion." Plaintiffs go on to reference numerous "obligations" their attorney has over the coming months, including working on other professional matters and taking a two-week vacation in August. As such, Plaintiffs request that Defendant's motion to dismiss be held in abeyance until Plaintiffs' anticipated motion for remand is filed and resolved by this Court, or that Plaintiffs be granted an extension to respond to Defendant's motion to dismiss until at least September 3, 2014.

Plaintiffs cite to absolutely no authority supporting their request that this Court hold Defendant's motion to dismiss in abeyance. Indeed, the Court is not persuaded by Plaintiffs' assertions that requiring Plaintiffs to respond to Defendant's motion to dismiss prior to filing a motion for remand would be "illogical and anomalous."[1] Further, Plaintiffs give no indication as to why they would be unable to respond to Defendant's motion to dismiss while also filing a motion for remand.[2] Finally, Plaintiffs fail to provide any meaningful rationale as to why they would be prejudiced by this Court refusing to extend Plaintiffs' response deadline to Defendant's motion to dismiss by more than one month.[3]

The Court thus finds that holding Defendant's motion to dismiss in abeyance until Plaintiffs' anticipated motion for remand is filed and fully resolved is not warranted. The Court further finds that Plaintiffs have adequate time to respond to Defendant's motion to dismiss and to file any anticipated motion to remand.

Therefore, the Court HEREBY ORDERS that Plaintiffs' motion to hold Defendant's motion to dismiss in abeyance and/or to extend time for filing Plaintiffs' response thereto [dkt. 6] is DENIED.

IT IS SO ORDERED.

Date: July 23, 2014

S/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
U.S. DISTRICT COURT

---

[1] Not lost on the Court is Plaintiffs' anomalous decision to file the present action when a strikingly similar case – involving the same parties, the same series of events, and the same causes of action – was previously decided by this Court ("Jarrett-Cooper I").

[2] In Jarrett-Cooper I, Plaintiffs challenged this Court's jurisdiction no less than seven times. The Court found that it had jurisdiction each and every time, a finding that was later confirmed by the Sixth Circuit after Plaintiffs appealed.

[3] The strikingly similar nature of the instant matter to Jarrett-Cooper I indicates to the Court that the standard amount of time to respond contained in the Eastern District of Michigan Local Rules is more than enough.